

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-

DOV SHELLEF,

    Defendant.
-----------------------------------------------------------X

03-CR-723 (TCP)

**MEMORANDUM AND ORDER**

PLATT, District Judge.

Before the Court is defendant Shellef's declaration dated February 11, 2009 and defendant's counsel, Stuart E. Abrams', declaration dated February 12, 2009, which were submitted six and seven days respectively after attorney Henry E. Mazurek's single page letter motion to be substituted as defendant's counsel twelve days before trial in this matter as well as a request for yet another adjournment of the re-trial in this case, which motion was denied on the record dated February 11, 2009, after this Court's consideration of Mr. Mazurek's letter and the government's opposition papers.

On March 21, 2008, this case was assigned to this Court after the Second Circuit Court of Appeals vacated the judgments of conviction for defendant Shellef and his former co-defendant, William Rubenstein (Seybert, J. EDNY) and remanded this case for retrial based on its fifty-six (56) page opinion, which held that the indictment improperly joined Mr. Shellef and Mr. Rubenstein and that the misjoinders were not harmless.

On April 10, 2008, this Court held a status conference at which Stuart

Abrams, Esq., who first appeared as counsel for defendant Shellef on December 8, 2003 (Document Entry ("D.E.") # 30) and was counsel in the first trial, agreed with the government and the Court that this case was complex and during which both parties requested trial dates in early 2009 (see Minute Entry, D.E. # 261).

On June 3, 2008, Mr. Abrams moved, on behalf on Mr. Shellef, to dismiss this case for violation of 18 U.S.C. §§ 3161 and 3162 of the Speedy Trial Act which motion was denied by Order dated July 24, 2008. On July 22, 2008, the government filed three separate indictments for re-trial as to defendants Shellef and Rubenstein, which neither defendant opposed.

On October 29, 2008, the government requested a conference to set trial dates as to both defendants, which hearing was scheduled for November 6, 2008. On November 4, 2008, Mr. Abrams moved the Court to exonerate Mr. Shellef's bail, which the government opposed by memorandum dated November 5, 2008.

At the November 6, 2008 conference, the Court determined that it was ready to proceed to trial on November 24, 2008 against Mr. Rubenstein or against Mr. Shellef in the event Mr. Rubenstein entered a plea agreement. Mr. Abrams stated the following:

> I am currently engaged in a trial. I was able to get time off
> to come here because I knew this was important. But I am
> engaged in a trial in the Southern District of New York.
> That trial will not be done by Thanksgiving.

(Trans. of 11/06/08 at p. 26, lines 7-11). The Court advised that Mr. Shellef "may have to get new counsel to which Mr. Abrams responded: "That's what I told

him." Mr. Abrams further stated that he was unavailable on November 24, 2008 and requested that:

> [T]he record reflect Mr. Shellef understands if the case goes to trial beginning the Monday before Thanksgiving, Mr. Shellef would have to have new counsel.

(Id. at p. 27, lines 23-25; p. 28 line 1). Further, Mr. Abrams asked to "be relieved as Mr. Shellef's counsel and that Mr. Shellef be directed to have new counsel by a date certain," which the government did not oppose once it was established that Mr. Shellef should be ready to proceed on November 24, 2008 in the event Mr. Rubenstein entered into a plea agreement with the government. (Id. at p. 28, lines 10-13; p. 29, lines 4-5 and 7-12).

On November 17, 2008, Mr. Abrams moved to continue the trial date as to defendant Shellef. Mr. Abrams sworn declaration dated November 16, 2008 provides the following at page one:

> Mr. Shellef has advised me that since the November 6 conference, he has made numerous efforts to retain new counsel to conduct the trial of his defense in this case. Mr. Shellef advises that he has been unable to retain new counsel who would be available or prepared to try this case on November 24, 2008. Accordingly, the defendant Shellef respectfully requests that the trial date of November 24, 2008, be adjourned.

Defendant's motion was granted by Order dated November 18, 2008, which also provided that Mr. Shellef would proceed to trial on February 17, 2009.

On January 5, 2009, Mr. Abrams moved the Court to withdraw as attorney for Mr. Shellef and for the release of the fee that Mr. Shellef had paid as a Special Assessment upon his conviction. Mr. Abrams' argument to withdraw as counsel

is set forth herein:

> The Court has scheduled the new trial date in this case for February 17, 2009. At this date, Mr. Shellef has not made arrangements for our firm to act as his trial counsel. Mr. Shellef has also advised me that he has not yet made arrangements to be represented by other counsel.

On January 13, 2009, this Court held a hearing on Mr. Abrams' motion to be relieved as counsel. In response to the Court's concern with Mr. Shellef's ability to retain new counsel who would be prepared for the upcoming trial, Mr. Abrams stated that: "<u>The reason I made this motion, Mr. Shellef does not want to postpone this case beyond February 17, the trial date.</u>" (Trans. dated January 13, 2009 at p. 3, lines 6-8, emphasis added).

Mr. Abrams further stated that "[o]bviously, there has been a financial problem with Mr. Shellef retaining counsel. He has not yet made arrangements to retain our firm. He told me he made efforts to retain other counsel. That's not happened." (Id. at p. 4, lines 9-12). <u>As a result, Mr. Abrams requested that a portion of Mr. Shellef's bail money be released to Mr. Abrams' attorney trust account</u>.

A discussion then ensued between the Court and Mr. Abrams with regard to the government's position on the reduction of Mr. Shellef's bail money to pay his legal fees. Mr. Abrams then stated:

> Your Honor, <u>just so it's clear, we can make this financial arrangement which, again, I don't think the government would oppose. I will be able to stay in the case so we won't have the problem of having new counsel come in.</u> (Emphasis added.)

(Id. at p. 5, lines 15-19).

After a short recess to discuss the reduction in bail with the government, Mr. Abrams advised the Court:

> Your Honor, I understand the government would be prepared to sign a stipulated order along the lines I propose with a reduction in the bail on the condition it's paid directly to our attorneys for that account.

(Id. at p. 7, lines 10-14).

On February 5, 2009, Henry Mazurek, Esq. filed a letter motion requesting that he be substituted as counsel for Mr. Shellef and requesting that the trial be adjourned for approximately sixty days because Mr. Shellef had "recently" approached him to appear in this matter.

By letter dated February 9, 2009, the government opposed Mr. Mazurek's motion and argued that a defendant "may only substitute new counsel on the eve of trial upon the showing of unusual circumstances such as a complete breakdown of communication or an irreconcilable conflict," neither of which was alleged in Mr. Mazurek's letter motion. The government also noted that during the status conference held on January 13, 2009, Mr. Shellef was adamant that his trial commence on February 17 and that the only ground given for Mr. Abrams' then pending motion to be relieved as counsel was Mr. Shellef's inability to pay his fees.

On February 11, 2009, the Court held a telephone status conference wherein it denied Mr. Mazurek's motion to be substituted as Mr. Shellef's counsel based on the Court's findings that Mr. Abrams had been Mr. Shellef's attorney for several years, i.e., since 2003. Additionally, there was no basis for yet another

-5-

adjournment given that defendant Shellef had previously moved the Court to dismiss the indictment on Speedy Trial grounds and that he had approximately one year to seek to retain new counsel if he was dissatisfied with Mr. Abrams' services.

On February 12, 2009, the Court received defendant Shellef's sworn declaration, which was filed at 9:13 a.m. on February 11, 2009 via ECF wherein Mr. Shellef claims that he has had a "number of fundamental disagreements and irreconcilable differences with Mr. Abrams about issues relating to his defense at trial." (Shellef Declaration dated February 10, 2009 at ¶ 8). As a result, Mr. Shellef contends that it has been "unreasonably difficult to effectively communicate with him in preparation for a re-trial." (Id. at ¶ 9). Mr. Shellef also claims that he asked Mr. Abrams to move the Court to exonerate Mr. Shellef's bail on November 4, 2008 so he could finance his legal defense by retaining new counsel, although that motion contained no reference whatsoever to Mr. Shellef's financial circumstances.

Mr. Abrams submitted a declaration "in support of defendant Shellef's . . . Motion for a Substitution of Counsel, to Schedule a Pretrial Conference, and for other relief," which declaration was submitted seven days after Mr. Mazurek's letter and one day after Mr. Shellef's declaration, on February 12, 2009. (Shellef Declaration at ¶ 1).

Mr. Abrams contends that although he "was aware of the fact that Shellef wanted to retain new counsel to conduct any retrial of his case, no trial date was

initially set in this matter, and . . . [he] continued to represent Shellef" despite the fact that Mr. Abrams agreed that the case was complex and that he would be ready for trial in "early 2009" during the April 10, 2008 conference. Moreover, Mr. Abrams entered into a Stipulation and Order dated January 27, 2009 which provides that:

> $250,000 of the funds deposited with the Court to secure Dov Shellef's release pursuant to the aforesaid December 21, 2006 Order shall be transferred by the Clerk of the Court to the Attorney Trust Account of the law firm of Frankel & Abrams, attorneys for defendant Dov Shellef.

(D.E. # 297, ¶ 1.a). Same also provided that the funds were to be held in the Frankel & Abrams attorney trust account and were "to be drawn upon for the sole purpose of paying attorneys' fees and other defense costs in this case." (D.E. # 297, ¶ 1.b), all of which is inconsistent with Mr. Abrams' declaration that he was " aware of the fact that Shellef wanted to retain new counsel." (See also Mr. Abrams' statement to the Court, *supra*, on January 13, 2009, that he would be able to stay in the case and "we won't have the problem of having new counsel come in.")

It must also be noted that contrary to Mr. Abram's sworn declaration dated February 12, 2009 that the Court had not considered either Mr. Mazurek's letter or Mr. Shellef's declaration filed in support of Mr. Mazurek's motion,[1] Mr. Shellef's declaration was only filed on the Court's electronic filing system on February 11, 2009 at 9:13 a.m., that is, six days after Mr. Mazurek's letter was filed and thirteen

---

1. See Abram's Declaration in Support dated February 12, 2009 at p. 5, ¶ 10.

minutes **after** the 9:00 a.m. conference was scheduled to begin and, therefore, it could **not** have been considered by the Court. Additionally, during the conference which was first initiated by telephone at 8:58 a.m. and which ultimately began at 9:25 a.m. due to technical difficulties, Mr. Abram's failed to notify the Court that he had just filed Mr. Shellef's declaration.

It is undeniably clear from all of the above that Mr. Abrams' sole interest then and now was that he would be paid again for the second trial. Now that that has been accomplished, there is no need or "problem of having new counsel come in."

**SO ORDERED.**

Dated: February 17, 2009
      Central Islip, New York

                                        Thomas C. Platt, U.S.D.C.